UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RA'MAR DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>K. CARTER,<br>MOSS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:22-cv-01696-JPH-TAB |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Ra'mar Daniels is a prisoner currently incarcerated at Pendleton Correctional Facility. He alleges in this civil action that the defendants were deliberately indifferent to his suicidal thoughts and violated his First Amendment rights when they threatened him in response to his grievances. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names two defendants: Correctional Officer K. Carter and Mental Health Provider (MHP) Moss. The plaintiff makes the following allegations. On September 15, 2021, Mr. Daniels informed Officer Carter that he was feeling suicidal and needed to speak with a mental health professional. Officer Carter said that Mr. Daniels should stop snitching on everyone and that she did not care if he committed suicide. When he said he would file a grievance, she threatened to open his cell to allow someone to beat him up. MHP Moss met with Mr. Daniels but denied him suicide watch because he had threatened to file a grievance on Officer Carter. Before sending him back to his cell, MPH Moss also threatened him with assault and death if he filed a grievance against her. Mr. Daniels was found hanging in his cell later that day. When he grieved the incident, Officer Carter enlisted gang members to threaten him. She also threatened to spray him with O/C spray if he appealed the grievance.

He seeks to be transferred to a different facility and compensatory and punitive damages.

## III. Discussion of Claims

Mr. Daniels' First Amendment retaliation and Eighth Amendment deliberate indifference claims shall proceed against both defendants as pleaded in his complaint. This summary of claims includes all the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 21, 2022,** in which to identify those claims.

**IV. Service of Process**

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint (dkt. [2]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction and Centurion employees electronically.

Defendant Moss is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/23/2022

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RA'MAR DANIELS
104542
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:

Officer K. Carter at Pendleton Correctional Facility

Electronic service to Centurion:

MPH Moss