UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01696-JPH-TAB |
| | ) |
| K. CARTER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANT MOSS'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Ra'mar Daniels is a state prisoner currently incarcerated at Indiana State Prison. Mr. Daniels alleges while he was incarcerated at Pendleton Correctional Facility, the defendants were deliberately indifferent to his suicidal thoughts and violated his First Amendment rights when they threatened him in response to his grievances.

Defendant Moss filed a motion for summary judgment seeking resolution of the claims against her on the basis that Mr. Daniels failed to exhaust his available administrative remedies. Mr. Daniels did not respond to the motion. But for the reasons explained below, Defendant Moss's motion for summary judgment, dkt. [20], is **denied**.

### I. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might

affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts and draws all reasonable inferences from them in the light most favorable to the non-moving party. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The consequence of Mr. Daniels' failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Material Facts

At all times relevant to his claims, Mr. Daniels was incarcerated at Pendleton. Pendleton maintained a grievance policy regarding complaints about prison conditions. The grievance process includes three steps: 1) a formal

grievance, 2) a written appeal to the Warden, and 3) a written appeal to the Department Grievance Manager. Grievance Policy, dkt. 21-1 at 11.

Defendant Moss argues that Mr. Daniels failed to exhaust his administrative remedies as to his claims against her. The parties agree that the relevant grievance is grievance #133663. Dkt. 2 at 3 (verified complaint); dkt. 2-1; dkt. 22 at 8. Mr. Daniels acknowledged in his verified complaint that he named only Defendant Carter in the grievance because he was too afraid to name Defendant Moss after her threats against him. He then failed to exhaust the grievance because of fear that the defendants would carry out their threats to have him harmed or killed. Dkt. 2 at 2-3.

Mr. Daniels submitted and exhausted unrelated grievances against other staff members after he failed to exhaust his grievance related to the allegations in this case. *See* dkt. 21-1 at 48-75.

### III. Discussion

The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function

3

effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendant to demonstrate that Mr. Daniels failed to exhaust all available administrative remedies before he filed this suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Threats from prison staff render the administrative process unavailable if "a person of 'ordinary firmness' would have been deterred" by those threats from completing the grievance process. *Schultz v. Pugh*, 728 F.3d 619, 621 (7th Cir. 2013); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). A plaintiff may also have to make a subjective showing that he was actually deterred. *Schultz*, 728 F.3d at 621.

Defendant Moss argues that Mr. Daniels was threatened by both defendants but proceeded with a first-level grievance against Defendant Carter. Thus, the threats must not have deterred him from filing a grievance against Defendant Moss. Defendant Moss also points to unrelated grievances Mr. Daniels exhausted after failing to exhaust any grievance against her.

Evidence that Mr. Daniels filed grievances against other staff does not rebut Mr. Daniels' verified statements that he feared exhausting a grievance against the defendants who were the source of the alleged threat. It is also possible that Mr. Daniels was deterred by the severity and directness of Defendant Moss's alleged threat—a threat to have him killed. Dkt. 2 at 2. Or it may be that he temporarily overcame his fear when he filed a grievance against Defendant Carter but lost his nerve when he received the grievance response. This is supported by his claim in his verified complaint that he was too scared to continue with the grievance process because Defendant Carter "had 'VL' gang members and 'Blood' gang members threaten him not to file the next step to the grievance." *Id.*

Mr. Daniels' sworn statement that he did not complete the grievance process because he was afraid the defendants would follow through on their threats against him falls squarely into *Ross*'s third category of unavailability. When prison officials threaten inmates so as to prevent their use of the grievance process, that process is made unavailable to the inmate. *Ross*, 136 S. Ct. at 1860. Although there is no dispute that Mr. Daniels did not exhaust administrative remedies regarding his claims against Defendant Moss, there is a material fact in dispute regarding whether he was deterred from exhausting a grievance against her due to her threats against him. A reasonable fact-finder could conclude that Defendant Moss's threats would have deterred a person of ordinary firmness from completing the grievance process and did deter Mr.

Daniels. Because Defendant Moss has not carried her burden, she is not entitled to summary judgment.

### IV. Summary and Further Proceedings

Defendant Moss's motion for summary judgment, dkt [20], is **denied.** She shall have **through July 7, 2023,** in which to notify the Court in writing whether she is abandoning the affirmative defense of exhaustion or requesting a hearing to resolve the factual dispute detailed above.

**SO ORDERED.**

Date: 6/23/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

RA'MAR DANIELS
104542
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com